HOGAN LOVELLS US LLP
Michael L. Turrill (Bar No. 185263)
Sun Y. Moon (Bar No. 353630)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601
michael.turrill@hoganlovells.com
rachel.moon@hoganlovells.com

HOGAN LOVELLS US LLP
Anna Kurian Shaw *(Pro Hac Vice)*
Brendan C. Quinn *(Pro Hac Vice)*
Hadley Dreibelbis *(Pro Hac Vice)*
555 13th Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910
anna.shaw@hoganlovells.com
brendan.quinn@hoganlovells.com
hadley.dreibelbis@hoganlovells.com

*Attorneys for Plaintiff AXS Group LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AXS GROUP LLC,<br><br>               Plaintiff,<br><br>v.<br><br>SECUREMYPASS.COM,<br><br>               Defendant. | Case No. 2:26-cv-00361-SPG-PVC<br><br>**PLAINTIFF AXS GROUP LLC'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT SECUREMYPASS.COM BY ALTERNATIVE MEANS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: March 4, 2026<br>Time: 1:30 p.m.<br>Place: 5C<br><br>Assigned to Hon. Judge Sherilyn Peace Garnett |

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 4, 2026, in Courtroom 5C of the above-captioned courthouse, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff AXS Group LLC ("**AXS**") will and hereby does move this Court pursuant to California Code of Civil Procedure § 413.30(a)(1), as incorporated by Federal Rule of Civil Procedure 4(e)(1) to allow AXS to serve Defendant Securemypass.com ("**SMP**") by alternative means, namely, by email to support@securemypass.com.

This Motion is made following AXS's unsuccessful attempt to serve SMP at a physical address identified in SMP's marketing materials; AXS's requests to SMP on January 16, 2026, and January 19, 2026, to accept service via email (support@securemypass.com), after the parties had corresponded via this email address regarding the pending litigation; SMP's refusal to accept service sent via support@securemypass.com, or provide any alternate physical address, on January 19, 2026, and January 21, 2026; AXS's request to meet and confer with SMP on February 5, 2026, regarding this Motion; and SMP refusing to respond to the same prior to filing.  *See* Declaration of Hadley Dreibelbis ¶¶ 20-21, 23.  Because SMP refuses to provide a physical, mailing, or electronic mailing address where SMP may be served, and otherwise did not respond to AXS's request to meet-and-confer pursuant to C.D. Cal. Local Rule 7-3, AXS was compelled to file this Motion without having engaged in a prefiling conference.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the supporting Declarations of Hadley Dreibelbis, Victoria Neller, and Casey Tancredi, exhibits attached thereto, the pleadings and records on file in this action, and any further oral or written documentation that may be provided to the Court as necessary or requested.

Respectfully submitted this 6th day of February 2026.

**HOGAN LOVELLS US LLP**

*/s/ Michael L. Turrill*
Michael L. Turrill
Sun Y. Moon

Anna Kurian Shaw *(Pro Hac Vice)*
Brendan C. Quinn *(Pro Hac Vice)*
Hadley Dreibelbis *(Pro Hac Vice)*

*Attorneys for Plaintiff AXS Group LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff AXS Group LLC ("**AXS**") sells tickets to live entertainment and sports events on behalf of event organizers. Defendant Securemypass.com ("**SMP**") operates a website that enables anonymous ticket brokers to circumvent AXS's authentication and security measures to create counterfeit tickets which bear the AXS trademarks and sell counterfeit tickets to unsuspecting consumers, causing substantial and irreparable harm to AXS's goodwill, reputation and business. SMP's acts are also causing widespread harm to consumers who are the victims of SMP's fraudulent conduct, and to venues and other event organizers who shoulder the costs and burden associated with identifying and assisting those victims. To prevent SMP from causing further harm, AXS filed this lawsuit alleging claims under federal and state trademark, unfair competition, and contract laws.

SMP's unlawful business model depends on anonymity. SMP deliberately masks its identity by providing fabricated contact information, including a New Jersey address advertised on SMP's marketing materials which SMP itself admits is merely pretextual, and is in violation of 15 U.S.C. § 7704(a)(5)(A)(iii), which requires commercial emails to provide a "valid physical postal address of the sender." The address provided by SMP tracks to a vacant lot, and there is no registered agent for service of process listed on the New Jersey Department of Treasury or California Secretary of State websites. No other physical address is provided on SMP's website or can be located through online searches. SMP also conceals the names and contact information of its officers and employees.

Despite this obfuscation, SMP is aware of this lawsuit, publicly commenting on the asserted claims and requesting that AXS contact SMP through SMP's email address, support@securemypass.com. Through that email, SMP has communicated numerous times with AXS regarding this action since the Complaint was filed. SMP not only refused to accept service, but also refused to provide any physical address

at which it can be served. SMP should not be permitted to evade service of process, and thereby judicial review of its conduct, by concealing its true location and identity.

Thus, AXS respectfully requests that the Court authorize service of process by email. SMP has made service of process through traditional means impracticable; SMP actively uses email to conduct its business; and SMP has used email to correspond with AXS in connection with this action. Service by email will provide SMP with actual notice of this action—of which SMP is already aware—and is a method of service expressly authorized by California Code of Civil Procedure § 413.30(a)(1), as incorporated by Federal Rule of Civil Procedure 4(e)(1).

## II. BACKGROUND

AXS filed its Complaint on January 13, 2026. ECF 1. Prior to the filing of the Complaint, AXS and its counsel diligently attempted to identify a proper address for service of process on Defendant. AXS's efforts to locate, contact, and serve Defendant are detailed in the contemporaneously filed declarations of Hadley Dreibelbis ("**Dreibelbis Decl.**"); Victoria Neller, an intellectual property investigator for Marksmen, Inc. ("**Marksmen**") ("**Neller Decl.**"); and Casey Tancredi, a process server for Same Day Process who attempted to serve SMP at its identified address ("**Tancredi Decl.**").

To summarize, AXS initially became aware of a physical address for SMP in New Jersey which SMP identified in a marketing email to customers ("**New Jersey Address**"). Dreibelbis Decl. ¶ 5. SMP listed the New Jersey Address at the bottom of its marketing correspondence, in the section where customers are given options for communication preferences, creating the appearance that the New Jersey Address is a means by which SMP can be contacted. *Id.* Subsequent online research via Google Maps and MapQuest revealed that the New Jersey Address corresponds to a vacant lot. *Id.* ¶ 6. Nonetheless, AXS hired a process server to attempt service at that address. *Id.* ¶ 7. The process server, Ms. Tancredi, was unable to effectuate service because the New Jersey Address was, in fact, a vacant lot. Tancredi Decl. ¶

5. AXS also made additional efforts to locate an alternative physical or mailing address for SMP by conducting various online searches and a review of SMP's website. Dreibelbis Decl. ¶ 9. These efforts were unsuccessful, as SMP's website did not list any physical address, mailing address, or individual contact person, nor could AXS identify any other viable location for service. *Id*. ¶¶ 10-11. AXS was also unable to serve a registered agent for service of process, because there is no registered agent for service of process on SMP listed on the New Jersey Department of Treasury or California Secretary of State websites. *Id*. ¶ 12.

Having exhausted reasonable efforts to locate a physical address, AXS next focused on identifying a reliable electronic means of contacting SMP. AXS located an email address listed on SMP's website, support@securemypass.com, as a potential method of service. *Id*. ¶ 15. To confirm that this email address is active and monitored by SMP, AXS retained Marksmen, an intellectual property investigation company, to send a test email to that address. *Id*. ¶ 17. On December 17, 2025, at 11:34 AM, a Marksmen investigator, Victoria Neller, sent a test email to support@securemypass.com inquiring about SMP's ticket resale services. Neller Decl. ¶ 4. SMP substantively responded *two minutes later* at 11:36 AM, stating "We only assist brokers creating wallet links to help them deliver to their sales." *Id*. ¶ 6.

After the filing of the Complaint, on January 15, 2026, SMP provided a comment to Billboard regarding the pending litigation, which was subsequently published in an article titled "*'Denied Entry': Ticket Giant AXS Sues Company It Says 'Spoofed' Concert Tickets & Burned Fans*." Dreibelbis Decl. ¶ 18, Ex. E. On that same day, SMP posted a statement titled "*Our Response to AXS*" on its website. *Id*. ¶ 19, Ex. F. In its statement, SMP made the following representations regarding its maintenance and use of the email address support@securemypass.com:

- "SecureMyPass operates an active support inbox and live chat and remains reachable."
- "AXS is free to pursue litigation, but if they wish to contact us directly, we

remain reachable at support@securemypass.com."

- "We have active support channels and a live chat."

*Id.* Importantly, both SMP's on-the-record comments to Billboard and its own statements on its website demonstrate SMP's actual knowledge of the Complaint and the allegations against it.

SMP also made the following admissions pertaining to its physical location at the New Jersey Address:

- "SecureMyPass is not a U.S.-based company. Our development team, infrastructure, servers, and financial operations are located outside the United States, and we do not operate from or maintain offices within U.S. jurisdiction."
- "In particular, any reference to a U.S. address stems from a mailing address included in bulk email footers for compliance purposes and should not be mistaken for a physical office or operational presence."
- "The so-called U.S. address [AXS] cited in the complaint comes from a bulk-email footer used for compliance purposes. There is no office there."

*Id.*

As a courtesy, and after its public invitation to do so, on January 16, 2026, AXS contacted SMP via support@securemypass.com to provide copies of the Complaint and associated filings. Dreibelbis Decl. ¶ 20. AXS also provided a link to its secure file transfer (SFT) site, where SMP could view and download the audio-visual Exhibit F to the Complaint. Dreibelbis Decl. ¶ 21. AXS received an automated email notification from its SFT site, confirming that an individual named "Robert Edwin" accepted AXS's invitation to the SFT site. *Id.* ¶ 23. This link was only available to AXS's counsel and to support@securemypass.com, which indicates that support@securemypass.com is associated with, and may be operated by, an individual named Robert Edwin. *See id.* But no information can be found about SMP's officers or employees on SMP's website, LinkedIn or other social media, or

through any online searches. *Id.* ¶ 14.

In its January 16, 2026 email, AXS also asked SMP whether it was willing to accept service by email to support@securemypass.com. *Id.* ¶ 20, Ex. G. SMP declined to do so. *Id.* AXS then asked SMP if it was willing to provide a physical address at which SMP could be served. *Id.* ¶ 21, Ex. H. In response, and despite its numerous in-depth communications with AXS regarding the pending litigation via the support@securemypass.com email address, and publicly stating its willingness to do the same, SMP stated that AXS had "reached the customer support team in Egypt" which was "not authorized to accept service, provide addresses for service, or make decisions about how this matter proceeds." *Id.* SMP further stated that "[w]e also don't receive physical mail or other correspondence sent by post" and "can only pass information along to my supervisor for internal review." *Id.* In each of these communications, SMP identified itself only as "SecureMyPass." *Id.* ¶¶ 20-21. For the sake of completeness, counsel for AXS also searched business databases and publicly-available Egyptian corporate databases for companies operating under the names SecureMyPass, Secure My Pass, SMP and Securemypass.com, and was unable to locate any corporate record for or registered agent for service of process for SMP in Egypt. *Id.* ¶ 22.

### III. ARGUMENT

Federal Rule of Civil Procedure 4(e)(1) authorizes service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in California, California law governs whether alternative service is permissible. California law provides for five principal methods of service, most of which are predicated on the defendant having a viable physical address for service.[1]

---

[1] "(1) Personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"); (3) service by mail

Here, none of these methods are reasonably available. AXS cannot affect personal or substitute service, because SMP's only known address is a vacant lot. *See* Tancredi Decl. ¶ 5. AXS likewise cannot serve SMP by mail, because AXS has been unable to identify any alternative address at which SMP may be reached. *See* Dreibelbis Decl. ¶ 13. AXS also lacks the names of any individual representative who could be served on SMP's behalf, as all correspondence with SMP is signed as "SecureMyPass," and SMP otherwise does not have individual contact information available on its website. *See* Dreibelbis Decl. ¶¶ 14, 19-20. Further, SMP does not have a registered agent for service of process listed on the New Jersey Department of Treasury or California Secretary of State websites. *Id.* ¶ 12. Service by publication is also inappropriate and should be avoided when, like here, it is unlikely to give actual notice to Defendant. *See Peterson v. United States,* No. EDCV 15-00143, 2017 WL 10543986, at *2 (C.D. Cal. Jan. 10, 2017) (denying service by publication where the plaintiffs could not show defendants resided in the areas where the proposed publication was disseminated). Because AXS cannot ascertain SMP's physical location, or even the state or region in which SMP resides, AXS cannot identify any publication that would be reasonably calculated to give SMP notice of the pendency of this action. Under these circumstances, service by publication would be speculative at best and procedurally insufficient.

Where the statutory methods of service prove impracticable, California law expressly authorizes courts to permit alternative methods of service. Section 413.30(a)(1) (as amended) of the California Code of Civil Procedure provides that

> [i]f no provision is made in this chapter or other law for the service of summons, or if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is

---

with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication." Cal. Civ. Proc. Code. §§ 415.10, 415.20, 415.30, 415.40, 415.50.

reasonably calculated to give actual notice to the party to be served, **including by electronic mail** or other electronic technology, and that proof of such service be made as prescribed by the court.

(emphasis added). Thus, the court may order an alternative means of service "when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." *Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 21-cv-08284, 2022 WL 2189360, at *1 (C.D. Cal. May 19, 2022). Service by email in this case is "reasonably calculated to provide actual notice" to SMP. SMP's operations are wholly internet-based, and SMP relies on email as its primary means of communicating with customers. Under these circumstances, service by email is far more likely to provide actual notice than continued attempts at identifying a physical address, particularly where the one address identified was for a vacant lot and SMP has stated that they do not receive "physical mail." *See* Tancredi Decl. ¶ 5; *see also* Dreibelbis Decl. ¶ 19, Ex. F.

Service by email is also appropriate because (1) AXS confirmed that the email address at which it would effectuate service (support@securemypass.com) is valid; (2) SMP has publicly advertised its desire for AXS to contact it directly via this email address; and (3) SMP has been in regular communications with AXS via this email address since the Complaint was filed. *See* Neller Decl. ¶ 6; Dreibelbis Decl. ¶¶ 20-21; *see also Browne v. Donalds*, No. 2:21-CV-02840-AB-AFM, 2023 WL 4626697 (C.D. Cal. Apr. 13, 2023) (quoting *Sendzul v. Hoag*, No. CV 21-06894-RGK (KS), 2022 WL 2124903, at *2 (C.D. Cal. Apr. 14, 2022) ("Courts in this district have held that service by email is only reasonably calculated to give notice where the plaintiff gives the Court 'reason to believe that a defendant's email address is valid.'")). To verify the validity of SMP's email address, AXS retained intellectual property investigator, Marksmen, to send a test email to support@securemypass.com inquiring about SMP's ticket resale services. *See* Neller Decl. ¶¶ 2, 4. The investigator received a substantive response from SMP *two minutes later* stating that

"[w]e only assist brokers creating wallet links to help them deliver to their sales." *Id*. ¶¶ 6-7.  Moreover, after the Complaint was filed, SMP publicly requested that AXS contact SMP via the email address support@securemypass.com regarding the pending action, and has since communicated several times with AXS via the same. Dreibelbis Decl. ¶¶ 19-21.

These communications not only confirm that the email account is active, but that SMP regularly monitors the account and uses it in the ordinary course of its business, including in connection with communications related to this pending action.  Moreover, the record is replete with evidence that SMP is fully aware of the Complaint and its contents.  AXS sent SMP the Complaint and associated exhibits, and SMP confirmed receipt and review of the same.  Dreibelbis Decl. ¶¶ 20-21.  AXS also received notification that SMP had downloaded the audio-visual Exhibit F to the Complaint from AXS' secure file transfer (SFT) site.  Dreibelbis Decl. ¶ 23.  SMP clearly reviewed the contents of the Complaint, as it was knowledgeable enough about the allegations contained therein to provide comments to media outlets, and a statement on its own website, addressing the same.  Dreibelbis Decl. ¶¶ 18-19.

Nor can SMP evade service of process by claiming to be "located outside the United States." *See* Dreibelbis Decl. ¶ 19, Ex. F.  If a defendant is located in a foreign country, Federal Rule of Civil Procedure 4(f) authorizes service "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; . . . (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).  In the Ninth Circuit, plaintiffs are not required to serve foreign defendants in accordance with Rule 4(f)(1) prior to moving for alternate service under Rule 4(f)(3). *Carrico v. Samsung Elecs. Co., Ltd.*, No. 15-cv-02087, 2016 WL 2654392, at *3 (N.D. Cal. May 10, 2016).

Assuming, *arguendo*, that SMP is located outside of the United States, SMP's refusal to identify its country of residence leaves unclear which international

agreement or foreign country's law may apply. The only country SMP identifies as a potential place of residence is Egypt (where its customer service team is allegedly located), which is a signatory to the Hague Convention. However, the Convention specifically recognizes an exception to its procedures "where the address of the person to be served with the document is not known." *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, HCCH, Art. 1. The courts in this District have authorized email service in instances where the Hague Convention does not apply, because the defendant's physical location is unable to be ascertained. *See, e.g., Astral IP Enter. Ltd. v. OHealthApps Studio*, No. 223CV00607MCSJPR, 2023 WL 2558556, at *1 (C.D. Cal. Feb. 7, 2023) ("Plaintiff states that 'Defendant's physical location is unknown, and Plaintiff is unable to ascertain Defendant's physical location. Consequently, the Hague Service Convention is inapplicable, as it does 'not apply where the address of the person to be served with the document is not known.'"); *L.A. Turf Club, Inc. v. US Racing*, No. 21-CV-08303, 2024 WL 5424109, at *3 (C.D. Cal. Apr. 12, 2024) ("Because Defendants' physical locations are unclear, the court concludes the Hague Convention does not apply and thus does not bar service by email."). This Court has similarly indicated it would authorize email service in such instances. *See PRL USA Holdings, Inc. v. Zoetop Bus., Co., Ltd.*, No. LA CV 21-02424-SPG-E, 2022 WL 20275664, at *5 (C.D. Cal. Oct. 17, 2022) (Garnett, J.) ("If Plaintiff continues to attempt to locate alternative addresses for Defendant but finds such efforts come up empty, the Hague Service Convention will no longer apply to this action. Should that occur, Plaintiff may file a renewed motion for leave to serve via email[.]").

Here, AXS's efforts to locate SMP's physical address have come up empty. SMP deliberately concealed its location by using a fabricated address in its marketing materials. Dreibelbis Decl. ¶¶ 19, 21. Besides the fabricated address, no other physical address can be located on SMP's website or through online searches. *Id.* ¶

13-14. And SMP has refused to share its physical address with AXS. *Id.* ¶ 21. In such circumstances, service by email is proper, even for a foreign entity. See *PRL USA Holdings,* 2022 WL 20275664, at *5.

## IV. CONCLUSION

For the foregoing reasons, service by email is not only permissible under California Code of Civil Procedure and the Federal Rule of Civil Procedure, but AXS has also demonstrated that service of process by email is most likely to apprise SMP of the pendency of this action. Accordingly, AXS respectfully requests that this motion be GRANTED as set forth in the attached Proposed Order.

Respectfully submitted this 6th day of February 2026.

**HOGAN LOVELLS US LLP**

*/s/ Michael L. Turrill*
Michael L. Turrill
Sun Y. Moon

Anna Kurian Shaw *(Pro Hac Vice)*
Brendan C. Quinn *(Pro Hac Vice)*
Hadley Dreibelbis *(Pro Hac Vice)*

*Attorneys for Plaintiff AXS Group LLC*

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff AXS Group LLC certifies that this brief contains 3,214 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 6, 2026         **HOGAN LOVELLS US LLP**

                                */s/ Michael L. Turrill*
                                Michael L. Turrill