UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

Present: The Honorable    **SHERILYN PEACE GARNETT**
                          **UNITED STATES DISTRICT JUDGE**

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:    (IN CHAMBERS) ORDER GRANTING MOTION FOR SUBSTITUTE
SERVICE [ECF NO. 19]**

Plaintiff AXS Group LLC ("Plaintiff") has filed a Motion to Serve Defendant
SecureMyPass.com ("Defendant") By Alternative Means. *See* (ECF No. 19 ("Motion")). In the
Motion, Plaintiff requests that the Court authorize service on Defendant by email pursuant to
California Civil Procedure Code § 413.30. The Court has considered the Motion and
determined that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P.
78(b); C.D. Cal. L.R. 7-15. For the reasons set out below, the Court GRANTS the Motion.

**I.      Background**

According to the Complaint, Plaintiff operates a company that sells tickets to live
entertainment and sports events on behalf of event organizers. *See* (ECF No. 1 ("Complaint")
¶ 1). The Complaint describes several methods that Plaintiff employs to ensure event tickets
are valid and authentic, including by assigning unique numbers to each ticket, adding Plaintiff's
watermark to the background of tickets, and including a specific form of QR code on the tickets.
*See* (*id.*). Plaintiff alleges that Defendant operates a website designed to circumvent these
measures, thereby allowing third parties to create counterfeit tickets that bear Plaintiff's
trademarks and to sell those tickets to consumers. *See* (*id.* ¶ 2).

Before Plaintiff filed the Complaint, Plaintiff hired a private investigator from the firm
Marksmen, Inc. to determine whether Defendant actively uses the email address
"support@securemypass.com," which is listed as Defendant's email address on Defendant's
website. *See* (ECF No. 19-2, Declaration of Victoria Neller ("Neller Decl."), ¶¶ 1-3); *see also*
(ECF No. 19-3, Declaration of Hadley Dreibelbis ("Dreibelbis Decl."), ¶ 15).

On December 17, 2025, the private investigator emailed Defendant's support address
"to simulate a legitimate customer inquiry." (Neller Decl. ¶ 5). That email read, "Hi, I have some
concert tickets to resell and was hoping to get some more information on how to do that. How

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

do I go about reselling my tickets through you guys? Thank you!" (*Id.*). Two minutes later, someone from the support address replied, "We only assist brokers creating wallet links to help them deliver to their sales." (*Id.* ¶¶ 6-7).

Plaintiff filed the Complaint on January 13, 2026. On January 15, 2026, in response to a request for comment from the music publication Billboard, Defendant disputed certain allegations in the Complaint. *See* (ECF No. 19-4, Exhibit F). In the same exchange, Defendant told Billboard that it "is not a U.S.-based company," "do[es] not operate from or maintain offices within U.S. jurisdiction," and "any reference to a U.S. address [in the Complaint] stems from a mailing address included in bulk email footers for compliance purposes and should not be mistaken for a physical office or operational presence." (*Id.*). Defendant concluded its email to Billboard by writing that Plaintiff "is free to pursue litigation, but if they wish to contact us directly, we remain reachable at support@securemypass.com." (*Id.*). On the same day, Defendant posted the exchange on its website. *See* (*id.*).

On January 17, 2026, Hadley Dreibelbis, an attorney representing Plaintiff, emailed the support address, to confirm that Defendant received the Complaint. *See* (ECF No. 19-4, Exhibit G). Dreibelbis asked the person operating the support address to provide an email address at which Plaintiff could send Defendant an audio-visual file cited in the Complaint as Exhibit F, which Plaintiff lodged with the Clerk of Court. *See* (*id.*); *see also* (ECF Nos. 1-6, 4). In the same email, Dreibelbis also asked the person operating the support address to confirm whether Defendant was willing to accept service by email. *See* (ECF No. 19-4, Exhibit G).

On the same day, January 17, 2026, the person operating the support address "acknowledge[d] receipt" of Dreibelbis's email and, "[w]ithout agreeing to accept service by email," requested "a courtesy copy of Exhibit F referenced in the Complaint, including the audio-visual file cited therein, for review." (*Id.*). The sender signed their email "SecureMyPass." (*Id.*). Dreibelbis sent the person operating the support address a link to access Exhibit F to the Complaint, *see* (*id.*), and, on the same day, received an email notification that someone named "Robert Edwin" had accepted Dreibelbis's invitation to access the online folder that contained Exhibit F to the Complaint, *see* (ECF No. 19-4, Exhibit I).

On January 19, 2026, the person operating the support address sent Dreibelbis another email to discuss the case. *See* (ECF No. 19-4, Exhibit H). In response, Dreibelbis asked the sender to confirm whether Defendant would accept service by email, writing that Plaintiff would file a motion for alternate service if Defendant failed to respond. *See* (*id.*). The person operating the support address replied, "SecureMyPass is reviewing the complaint and related filings and is considering its position." (*Id.*). They also wrote that, "[a]t this time, SecureMyPass is not in a position to accept service by email." (*Id.*).

After the person operating the support address said that Defendant would not accept

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

service by email, on January 21, 2026, Dreibelbis asked the sender to "advise the address at which you are willing to accept service." (*Id.*). The person operating the support address then wrote that Dreibelbis had "reached the customer support team in Egypt," which was "not authorized to accept service, provide addresses for service, or make decisions about how this matter proceeds." (*Id.*). The sender also wrote that the "support team in Egypt" does not "receive physical mail or other correspondence sent by post." (*Id.*). The sender said that they could "only pass information along to [their] supervisor for internal review" and, "[o]nce [their] supervisor provides direction," the sender would "respond as appropriate." (*Id.*).

After Defendant refused to accept email service or provide an address for service, Plaintiff hired a process server and attempted to serve Defendant at a New Jersey address listed in Defendant's email marketing communications. *See* (Dreibelbis Decl. ¶ 7); *see also* (ECF No. 19-2, Declaration of Casey Tancredi ("Tancredi Decl."), ¶ 2). On January 27, 2026, the process server traveled to the New Jersey address but, upon arrival, discovered that the address only contained a vacant lot. *See* (Tancredi Decl. ¶ 5). Following the unsuccessful service attempt at the New Jersey address, Dreibelbis tried to locate an alternate physical or mailing address for Defendant but was unable to do so. *See* (Dreibelbis Decl. ¶ 9).

To locate an address for Defendant, Dreibelbis looked through Defendant's website, reviewed databases operated by Moody's and Dun & Bradstreet, and ran searches on the New Jersey Department of Treasury's website and the California Secretary of State's website.[1] *See* (*id.* ¶¶ 10-13, 22). She also searched three websites operated by the Egyptian government to see whether Defendant had a corporate record in Egypt or maintained a registered agent for service of process in Egypt. *See* (*id.* ¶ 22). Finally, she conducted online searches on Defendant's website, LinkedIn, X, Facebook, Instagram, and Google to locate Defendant's employees and officers. *See* (*id.* ¶ 14). However, Dreibelbis was unable to locate a physical address to serve Defendant, a registered agent for service of process on Defendant, or the identity of any of Defendant's employees or officers. *See* (*id.* ¶¶ 10-14, 22).[2]

---

[1] In the Dreibelbis Declaration, Ms. Dreibelbis says that Plaintiff reviewed Moody's and Dun & Bradstreet's databases, and "did not identify any publicly-available corporate record or registered agent for service of process for [Defendant] in Egypt." (*Id.*). From the context of the declaration, the Court infers that these databases also did not list any corporate records or agent for service of process for Defendant outside Egypt.

[2] Ms. Dreibelbis does not specifically confirm that she searched for the individual named Robert Edwin, who accessed the folder that Dreibelbis sent with Exhibit F to the Complaint, but was unable to locate him. However, from the context of the Dreibelbis Declaration, the Court infers that she did so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

Plaintiff now requests leave to serve Defendant through email at the "support@securemypass.com" address. *See* (Motion).

## II. Legal Standard

Federal Rule of Civil Procedure 4 governs service of process. Federal Rule of Civil Procedure 4(h)(1)(A) governs service for corporations located within a judicial district of the United States and Federal Rule of Civil Procedure 4(f) sets out the requirements for service of process in a foreign country. Here, in light of Defendant's inclusion of a New Jersey mailing address in its email marketing communications and Defendant's contradictory statement to Billboard that it lacks a physical address in the United States, it is not clear which provision applies. Therefore, the Court will address the propriety of email service under both provisions.

### A. Service on Domestic Corporations

A corporation located within a judicial district in the United States may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Under California law, a plaintiff must first attempt service under one of the specified methods for service of process on a corporation set out in the California Civil Procedure Code. *See* Cal. Civ. Proc. Code § 413.30. Among other methods, a plaintiff may serve a corporation through service on the corporation's designated agent for service of process or service on certain corporate officers. *See* Cal. Civ. Proc. Code § 416.10. Permissible methods for service include physical delivery to an individual, delivery to another person at the individual's usual place of abode or place of business, service by mail, and service by publication. *See* 3 Witkin, Cal. Proc. 6th Actions §§ 1064, 1065 (2025). *But see Marinache v. Stern*, No. 14-CV-03055-HRL, 2015 WL 4537952, at *1 (N.D. Cal. July 27, 2015) ("Service by publication is disfavored and permitted only as a last resort" (internal quotation marks omitted)).

However, under § 413.30, "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized [in Chapter 4 of the California Civil Procedure Code], the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology." Cal. Civ. Proc. Code § 413.30(a)(1). For purposes of § 413.30, "reasonable diligence is satisfied when a [plaintiff] takes the steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Ferrari Fin. Servs., Inc. v. Bislamian*, No. 2:25-CV-09012-MWF-BFM, 2026 WL 411948, at *2 (C.D. Cal. Jan. 23, 2026) (internal quotation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

marks omitted). In interpreting whether email service is "reasonably calculated to give notice to the party to be served," "[c]ourts in this district have held that service by email is only [permissible] where the plaintiff gives the Court reason to believe that a defendant's email address is valid." *Cap. Providers of Cambridge Sarnano, LLC v. Robl*, No. 2:22-CV-07265-SPG-SK, 2023 WL 4290405, at *2 (C.D. Cal. Feb. 9, 2023) (internal quotation marks omitted).

### B. Service on Foreign Corporations

Corporations that are not located within a judicial district may be served "in any manner prescribed by [Federal Rule of Civil Procedure] 4(f) for serving an individual, except personal delivery under [Rule 4](f)(2)(c)(1)." Fed. R. Civ. P. 4(h)(2). Among other methods for service of process in a foreign country, Rule 4(f) permits service by any "means not prohibited by international agreement, as [a] court orders." Fed. R. Civ. P. 4(f)(3). Determining whether a particular method of service is proper is "commit[ted] to the sound discretion of the district court." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). However, even where "facially permitted by Rule 4(f)(3)," service by email is only permissible under the Due Process Clause where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Id.*).

### III.   Analysis

Based on the evidence presented in connection with the instant Motion, regardless of whether the Court analyzes the Motion under the standard for service on domestic corporations or the standard for service on foreign corporations, the Court finds service by email proper.

### A.     Rule 4(h)(1)

Assessing the request under Rule 4(h)(1)(A), the Court is satisfied that Plaintiff exercised reasonable diligence in attempting to serve Defendant by traditional means and that service by email is reasonably calculated to give actual notice to Defendant. In assessing Plaintiff's diligence, the Court notes that Plaintiff attempted to effect service at the only physical address listed on Defendant's website, emailed Defendant to ask for an alternate address for service of process, searched online databases to locate Defendant's corporate records, and looked on social media to ascertain the identity of Defendant's officers and employees. *See generally* (Dreibelbis Decl.). Based on the foregoing efforts to identify an address for service of process, Plaintiff has shown that it acted with reasonable diligence to serve Defendant through traditional means before requesting a court order to permit service by email.

In assessing Plaintiff's diligence, the Court places particular weight on the email exchange between Ms. Dreibelbis and the owner of the "support@securemypass.com" email

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | | |

address. In Defendant's statement to Billboard, which Defendant posted to its website, Defendant told Billboard that Plaintiff could contact Defendant through the support email account. *See* (ECF No. 19-4, Exhibit F). Then, when Plaintiff contacted the support account to discuss case logistics, the account owner seemingly corresponded with Plaintiff on Defendant's behalf. *See, e.g.*, (ECF No. 19-4, Exhibit G). However, the account owner minimized their authority once Plaintiff requested a physical address for service of process, writing that the sender was "not authorized to . . . provide addresses for service" and could "only pass information along" to their supervisor. (ECF No. 19-4, Exhibit H). More than a month has passed since the person who operates the support account sent that email, yet it appears that Defendant has still not provided a physical address for service of process.

Based on Plaintiff's communications with the owner of the support account, the Court also concludes that service by email is reasonably calculated to give notice. Specifically, Plaintiff hired a private investigator to confirm that Defendant uses the account for business communications, Defendant told Billboard that Plaintiff could reach them at the support address, and the person operating the address corresponded with Plaintiff's counsel about case logistics. Therefore, the Court finds service by email proper under Rule 4(h)(1).

**B.     Rule 4(h)(2)**

Assessing whether service by email is proper under Rule 4(h)(2), the Court reaches the same conclusion. As noted above, Rule 4(h)(2) permits service as set out in Rule 4(f) and Rule 4(f)(3) permits service by any "means not prohibited by international agreement."

Here, assuming Defendant is a foreign entity, it is not clear where Defendant is located. The only country Defendant has referenced in its communications with Plaintiff is Egypt. Egypt is a signatory to the Hague Service Convention, *see Nafal v. Gaber*, No. 2:22-CV-5912-DSF-AJRX, 2024 WL 5365045, at *1 (C.D. Cal. Dec. 13, 2024), and courts within the Ninth Circuit "are split as to whether the Hague Convention permits service by email on foreign defendants residing in signatory countries," *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-CV-01838-FWS-JDE, 2025 WL 464323, at *2 (C.D. Cal. Feb. 11, 2025). However, Article 1 of the Hague Convention provides that it "shall not apply where the address of the person to be served . . . is not known." Hague Service Convention, Nov. 15, 1956, T.I.A.S. No. 6638, Art. 1 (Feb. 19, 1969).

In an email to Plaintiff, the person who operates the support address told Plaintiff that he or she is a member of the "customer support team in Egypt," which is not authorized to "make decisions about how this matter proceeds" and could not "receive physical mail or other correspondence sent by post." (ECF No. 19-4, Exhibit H). The sender also wrote that they required "direction" from their supervisor as to service of process but did not identify the country in which their supervisor is located. *See* (*id.*). Plaintiff attempted to locate corporate records for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

Defendant in Egypt but was unable to do so. *See* (Dreibelbis Decl. ¶ 22). As noted above, despite exercising diligence, Plaintiff also was not able to locate a physical or mailing address for Defendant, aside from the New Jersey address that corresponds to a vacant lot. *See* (*id.* ¶¶ 9-13); *see also* (Tancredi Decl. ¶ 5). Thus, the Court concludes that Defendant's address is not known, finds that the Hague Convention does not apply, and declines to address the propriety of email service under the Hague Convention.

As the Court is not aware of any other international agreement that prohibits service by email, the Court is satisfied that it may order service by email under Rule 4(f)(3). *See, e.g., Los Angeles Turf Club, Inc. v. US Racing*, No. 2:21-CV-08303-FWS-DTB, 2024 WL 5424109, at *3 (C.D. Cal. Apr. 12, 2024) (granting motion for service by email after determining that the Hague Convention does not apply); *Astral IP Enter. Ltd. v. OHealthApps Studio*, No. 223CV00607MCSJPR, 2023 WL 2558556, at *1 (C.D. Cal. Feb. 7, 2023); *Will Co. v. Kam Keung Fung*, No. 3:20-CV-05666-RSL, 2020 WL 6709712, at *2 (W.D. Wash. Nov. 16, 2020). For the reasons set out above, in discussing Defendant's communications with Plaintiff through the support email address, the Court also finds that service by email is reasonably calculated to provide Defendant with actual notice. *See Rios Props.*, 284 F.3d at 1017 (affirming service by email on a foreign company).

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS the Motion and ORDERS that Plaintiff may serve the Complaint, Summons, and all future pleadings on Defendant through email to support@securemypass.com.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg