UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
| Title | AXS Group LLC v. SecureMyPass.com | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:    (IN CHAMBERS) ORDER GRANTING SEALING APPLICATION [ECF NO. 20]**

On February 6, 2026, Plaintiff AXS Group LLC ("Plaintiff") filed a Motion to Serve Defendant SecureMyPass.com Through Alternative Means, (ECF No. 19 ("Motion")). In connection with that Motion, Plaintiff has also filed an Application for Leave to File Exhibit to Motion for Alternative Service Under Seal. *See* (ECF No. 20 ("Application")). In the Application, Plaintiff requests leave to file Exhibit H to the Declaration of Hadley Dreibelbis with redactions on the public docket and an unredacted copy under seal. *See* (*id.*).

As a general matter, "[u]nless a particular court record is one traditionally kept secret," there is a "strong presumption in favor" of public access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). Under this presumption, "a party seeking to seal a judicial record" bears the burden of showing "compelling reasons" to seal a document "that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. However, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records," *id.* at 1180 (internal quotation marks omitted), where a motion and its attachments are "not related, or only tangentially related, to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In such cases, the party seeking to seal a document is only required to show "good cause" for sealing. *See id.* at 1098-1101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-00361-SPG-PVC | Date | April 9, 2026 |
|---|---|---|---|
| Title | AXS Group LLC v. SecureMyPass.com | | |

Here, the instant Motion does not relate to the merits of this case and, therefore, the Court analyzes Defendant's request to seal Exhibit H under the "good cause" standard. In Exhibit H, Plaintiff seeks to seal certain information concerning a settlement proposal. *See* (ECF No. 21). In general, courts "have recognized that the general policy of protecting settlement negotiations and communications in order to promote settlement" constitutes good cause for sealing. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (internal quotation marks omitted) (finding compelling reasons to seal substance of settlement negotiations); *see also Russell v. Walmart Inc.*, No. CV 19-5495-MWF (JCX), 2023 WL 5505918, at *1-2 (C.D. Cal. July 25, 2023) (sealing information concerning confidential settlement offers on showing of good cause); *Martinez v. Navarro*, No. 119CV00378JLTGSAPC, 2023 WL 2818075, at *2 (E.D. Cal. Mar. 23, 2023) (confidential settlement offer sealable on showing of good cause).

Therefore, the Application is GRANTED.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg