HOGAN LOVELLS CADWALADER US LLP
Michael L. Turrill (Bar No. 185263)
Sun Y. Moon (Bar No. 353630)
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone:   (310) 785-4600
Facsimile:    (310) 785-4601
michael.turrill@hlc.com
rachel.moon@hlc.com

HOGAN LOVELLS CADWALADER US LLP
Anna Kurian Shaw *(Pro Hac Vice)*
Brendan C. Quinn *(Pro Hac Vice)*
Hadley Dreibelbis *(Pro Hac Vice)*
555 13th Street, NW
Washington, D.C. 20004
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910
anna.shaw@hlc.com
brendan.quinn@hlc.com
hadley.dreibelbis@hlc.com

*Attorneys for Plaintiff AXS Group LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS GROUP LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SECUREMYPASS.COM,<br><br>                    Defendant. | Case No. 2:26-cv-00361-SPG-PVC<br><br>**PLAINTIFF AXS GROUP LLC'S APPLICATION FOR LEAVE TO FILE PORTIONS OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT SECUREMYPASS.COM AND PERMANENT INJUNCTION UNDER SEAL**<br><br>Date: August 26, 2026<br>Time: 1:30 p.m.<br>Place: 5C<br><br>Assigned to Hon. Judge Sherilyn Peace Garnett |

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL

**APPLICATION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to USDC Central District of California Civil Local Rules 79-5 and 79-5.2.2(a), Plaintiff AXS Group LLC ("**AXS**") makes this Application to file under seal specific portions of Plaintiff's Motion for Entry of Default Judgment Against Defendant Securemypass.com ("**SMP**") and Permanent Injunction (the "**Motion**"), namely, portions of the Declaration of Hadley Dreibelbis in Support of Plaintiff AXS Group LLC's Motion for Entry of Default Judgment Against Defendant Securemypass.com and Permanent Injunction ("**Dreibelbis Decl.**"); portions of Exhibit I submitted in connection therewith ("**Exhibit I**"); and one percentage figure contained in the Declaration of Michael L. Turrill in Support of Plaintiff AXS Group LLC's Motion for Entry of Default Judgment Against Defendant Securemypass.com and Permanent Injunction ("**Turrill Decl.**").

SMP has failed to appear or respond in this case, and default has been entered. *See* Motion at 8. Consequently, AXS was not required to and did not meet and confer with SMP regarding this Application.

## I.    LEGAL STANDARD

While courts "recognize a general right to inspect and copy public records and documents, including judicial records," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7 (1978), it is also "uncontested" that "the right to inspect and copy judicial records is not absolute." *Id.* at 598. When a motion is "more than tangentially related to the underlying cause of action," a plaintiff must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, No. 19-CV-08098-LHK, 2020 WL 8669859, at *1 (N.D. Cal. Nov. 6, 2020) (internal citations omitted).

Ninth Circuit courts have held that motions for default judgment are more than tangentially related to the underlying cause of action, and that consequently, the "compelling reasons" standard applies to motions to seal portions of such motions.

Hogan Lovells
Cadwalader
US LLP
Attorneys At Law
Los Angeles

2

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL

*See DiscoverOrg Data*, 2020 WL 8669859, at *2 (granting motion to seal portions of default judgment motion under compelling reasons standard).

## II.   COMPELLING REASONS EXIST FOR FILING PORTIONS OF AXS'S MOTION UNDER SEAL

*A. Attorney Work Product and Attorney Client Privileged Communications*

"For judicial records that have 'traditionally been kept secret for important policy reasons,' no public access is warranted." *Moreno v. SFX Enter.*, No. CV 14-0880 RSWL (CWx), 2015 WL 12683794, at *2 (C.D. Cal. Aug. 28, 2015). In the Ninth Circuit, attorney-client privileged materials "are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Id.* (citing *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012)). Consequently, these materials do not require plaintiffs to show either "compelling reasons" nor a "particularized showing of good cause" before such materials are filed under seal. *Id.*; *see also Hernandez v. Creative Concepts*, No. 2:10-cv-02132-PMP-VCF, 2013 WL 3864066, at *9 (D. Nev. July 24, 2013) ("The Ninth Circuit . . . recognizes that attorney-client communications are 'traditionally kept secret' and would not require 'compelling reasons' or a 'particularized showing of good cause' before such materials are filed with the court under seal."). "Where legal advice of any kind is sought from a professional legal adviser in his or her capacity as such, confidential communications relating to that purpose are permanently protected from disclosure unless the attorney-client privilege is waived." *Moreno*, 2015 WL 12683794, at *3.

Here, the Application requests to narrowly redact portions of Exhibit I on grounds that they contain attorney-client privileged information and attorney work product.[1] Declaration of Hadley Dreibelbis in Support of Plaintiff AXS Group LLC's Application for Leave to File Portions of Plaintiffs' Motion for Entry of Default

---

[1] Materials proposed to be redacted as attorney-client privileged communications or attorney work product are highlighted in green in AXS's sealed version of Exhibit I.

HOGAN LOVELLS
CADWALADER
US LLP
ATTORNEYS AT LAW
LOS ANGELES

3

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL

Judgment Against Defendant and Permanent Injunction Under Seal ("**Sealing Decl.**") ¶ 9. Specifically, AXS seeks to redact certain descriptions of the work undertaken by its legal counsel, Hogan Lovells Cadwalader US LLP, as contained in the narratives associated with the attorney time entries, because these descriptions characterize conversations held between Hogan Lovells Cadwalader attorneys and AXS and are therefore privileged. *Id.* Additionally, certain time entry narratives contain descriptions of strategies, legal theories, attorney communications and attorney mental impressions; AXS also seeks to redact these materials as privileged attorney work product. *Id.* Given that these categories of information are quintessentially kept secret, and otherwise unnecessary for the Court to consider in deciding AXS's Motion, AXS respectfully requests they be placed under seal.

   B. *Pricing and Billing Information*

   Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,'" and a trial court has broad discretion to permit sealing of court documents which could be used "as sources of business information that might harm a litigant's competitive standing." *DiscoverOrg Data*, 2020 WL 8669859, at *1–*2. For example, "courts have found compelling reasons to seal pricing terms where the disclosure of those terms can harm a litigant's competitive standing." *Id.* at *3 (granting sealing motion related to plaintiff's "pricing and contracts with third parties" under compelling reasons standard); *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (affirming order sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Philips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy, business decisionmaking,

HOGAN LOVELLS
CADWALADER
US LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL

and financial records").

Here, the Applicant requests to narrowly redact portions of the Dreibelbis Decl., Turrill Decl. and Exhibit I because they contain the sensitive pricing and billing strategy and financial records of Hogan Lovells Cadwalader.[2] Sealing Decl. ¶¶ 4–8. Specifically, AXS seeks to seal the quantity of hours billed in connection with this case; the non-discounted billing rate for each attorney; the discounted billing rate (which applies a discount that Hogan Lovells Cadwalader offers specific to AXS); and the actual amount Hogan Lovells Cadwalader billed AXS for the work it undertook in connection with this case. *Id.* This information is competitively sensitive, and disclosure of the same would place AXS's counsel at a competitive disadvantage. *Id.* ¶¶ 4, 6. Peer and competitor firms would be able to use these details to undercut client relationships and business proposals and offer competing discounts. *Id.* Additionally, AXS itself would face competitive pressure and business disadvantage from the disclosure of its itemized billing rates and hours expended in connection with this case. *Id.* For these reasons, AXS respectfully requests that these portions of the Dreibelbis Decl., Turrill Decl. and Exhibit I be placed under seal.

### III.   <u>CONCLUSION</u>

For these reasons, AXS's proposed redactions to the Dreibelbis Decl., Turrill Decl. and Exhibit I are narrowly tailored to address the privileged and confidential information at issue, and the sensitive pricing and billing strategies of AXS's counsel. AXS therefore respectfully requests that the Court grant this application to file under seal the portions of the Motion indicated below pursuant to Local Rule 79-5-2-2(a):

| Document | Portions To Be Filed Under Seal |
|---|---|
| Declaration of Hadley Dreibelbis in | Highlighted portions |

---

[2] Materials proposed to be redacted as containing sensitive pricing and billing information are highlighted in yellow in AXS's sealed versions of the Dreibelbis Decl., Turrill Decl. and Exhibit I.

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL

| | |
|---|---|
| Support of Plaintiff AXS Group LLC's Motion for Entry of Default Judgment Against Defendant Securemypass.com and Permanent Injunction | |
| Exhibit I to Declaration of Hadley Dreibelbis in Support of Plaintiff AXS Group LLC's Motion for Entry of Default Judgment Against Defendant Securemypass.com and Permanent Injunction | Highlighted portions |
| Declaration of Michael L. Turrill in Support of Plaintiff AXS Group LLC's Motion for Entry of Default Judgment Against Defendant Securemypass.com and Permanent Injunction | Highlighted portion |

Dated: July 2, 2026

**HOGAN LOVELLS CADWALADER US LLP**

*/s/ Michael L. Turrill*
Michael L. Turrill
Sun Y. Moon

Anna Kurian Shaw *(Pro Hac Vice)*
Brendan C. Quinn *(Pro Hac Vice)*
Hadley Dreibelbis *(Pro Hac Vice)*

*Attorneys for Plaintiff AXS Group LLC*

PLAINTIFFS' APPLICATION FOR LEAVE TO FILE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT UNDER SEAL